UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:21-cr-44 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| TYLER DEAN KADOLPH, ) | |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing.

**TABLE OF CONTENTS**

I.   BACKGROUND ........................................................................................ 1

II.  GUIDELINES CALCULATION ............................................................. 2

III. GOVERNMENT'S RECOMMENDATION ........................................... 3

**I. BACKGROUND**

On April 6, 2021, a two-count Indictment was filed in the Southern District of Iowa, charging Tyler Dean Kadolph with Receiving Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2), 2252(b)(1) (count one); and Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B), 2252(b)(2) (count two). (PSR ¶ 1.) A notice of forfeiture was also filed. (PSR ¶ 2.)

On May 12, 2022, the defendant pled guilty to count two of the Indictment. (PSR ¶ 3.) On May 27, 2022, the Court accepted the defendant's plea and adjudicated

1

him guilty. *Id*. Pursuant to the written plea agreement, the government will move to dismiss count one at the time of sentencing. (PSR ¶ 4.) The defendant agreed to forfeiture, as a part of the plea agreement. (PSR ¶ 9.) The government filed a notice of no objections to the PSR. (DCD 50.) The defendant filed a notice of objections to the PSR. (DCD 53.) The parties agree that the sentence in paragraph 27 that reads "There are also messages that imply that Kadolph had been accused of some sort of sexual assault the previous summer." should be deleted from paragraph 27. Defense counsel states that with that deletion, there are no outstanding objections to be resolved.

## II.  GUIDELINES CALCULATION

In the presentence report paragraphs 49-62 the defendant's guideline range was calculated as follows:

| | |
|---|---:|
| Base Offense Level [USSG §2G2.2(a)(a)] | 18 |
| SOC [USSG §2G2.2(b)(2) (prepubescent/under 12)] | +2 |
| SOC [USSG §2G2.2(b)(4)(A) (S&M/violence)] | +4 |
| SOC [USSG §2G2.2(b)(6) (computer)] | +2 |
| SOC [USSG §2G2.2(b)(7)(D) (>600 images)] | +5 |
| Acceptance | -3 |
| **Total Offense Level** | **=28** |
| **Criminal History Category (PSR ¶ 66):** | **I** |
| **Guideline Sentencing Range (PSR ¶ 134):** | **78-97 months** |

## III.   GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).  The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 28/Criminal History category I:  78-97 months.

This case arose from an investigation of the defendant's invasion of privacy recording women in the locker room of the Field House at the University of Iowa, while he was working there.  (PSR ¶¶ 15-25.) During the execution of search warrants related to that investigation, officers discovered that Kadolph had served for rape videos including "disturbing rape videos," "real rape videos," and "inhumanity rape videos." (PSR ¶ 25.) Officers also found searches for videos related to "little brother" and "little sister." *Id*. During a further review of Kadolph's phone officers located child pornography with the earliest access dates appearing to be October 29, 2019. (PSR ¶ 27.) Officers subsequently executed a search warrant on Kadolph's dropbox account

3

and located over 250 videos and over 150 images of girls believed to be under 18 who were naked and in provocative positions or engaged in sex acts. (PSR ¶ 28.) Several of the videos showed minor females engaged in acts of bestiality. *Id*. There were an additional 450 images/videos depicting age difficult females. *Id*. Within Kadolph's dropbox account, officers located a folder labeled "private." Within the "private" folder officers located a subfolder labeled "Preteen, Hussy, Underage." *Id*. The child pornography included a video of a female who appeared to be approximately 13 years old engaged in bestiality, and another video of a prepubescent female engaged in a sex act. *Id*.

Officers later executed a search warrant at Kadolph's residence and re-seized his cell phone and seized another cell phone. (PSR ¶ 33.) During a second review of that iPhone, officers located additional concerning search queries including: "disturbing rape video in brazil of two drugged young teens," "webcame teen porn," "exposed nude teens," and "anal fingering passed out girl 1." *Id*. Kadolph had also searched how to not get charged with child pornography. *Id*. Officers also located additional child pornography, including an image of a naked female who appears to be approximately 14 years old engaged in a sex act, and a series of images depicting a naked prepubescent female engaged in a sex act. *Id*.

During a review of Kadolph's new phone, officers discovered that Kadolph had created a fake Instagram account on which he was pretending to be a 15-year-old-female and requesting to exchange nude photographs. (PSR ¶ 34.)

During the course of the investigation officers found evidence that Kadolph was "deleting" items from his Dropbox account and then restoring them, viewing them, and then redeleting them. (PSR ¶ 35.) Given the nature of the defendant's criminal activity, a guidelines sentence is appropriate.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of the defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: __/s/ Andrea L. Glasgow__
    Andrea L. Glasgow
    Assistant United States Attorney
    U.S. Courthouse
    131 E. Fourth Street, Suite 310
    Davenport, Iowa 52801
    Tel: (563) 449-5432
    Fax: (563) 449-5433
    Email: andrea.glasgow@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: _/s/ Andrea L. Glasgow_
    Andrea L. Glasgow