IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO.  3:21-cr-44 |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| TYLER DEAN KADOLPH, ) | |
| ) | |
| Defendant. ) | |

## I.  INTRODUCTION

On May 12, 2022, Tyler Dean Kadolph accepted responsibility for his conduct by pleading guilty to count two of the two-count indictment, charging possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  This matter is scheduled for a sentencing hearing on October 26, 2022, at 11:30 a.m.  The final presentence report provides a total offense level of 28, and a criminal history category of I, resulting in an advisory sentencing guideline range of 78 to 97 months' imprisonment.  (PSR, ¶ 109).  There are no contested guideline issues remaining for determination at sentencing.  However, Defendant respectfully requests a downward variance, asserting a sentence below the advisory guideline range would be sufficient, but not greater than necessary, to fulfill the purposes of sentencing.  A variance is supported by his young age at the time of the offense, his lack of prior criminal history, his substantial prosocial achievements and his expressed remorse and accountability.

## II.  PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE IS SUFFICIENT.

A.  <u>Legal authority</u>

1

It is well established that the court shall consider all factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address the sentencing purposes outlined in paragraph 2 of this subsection. *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S. Ct. 2456, 24654 (2007). The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

B. The 3553(a) sentencing factors support a downward variance.

There are several mitigating factors important to Mr. Kadolphs's case, including his young age, personal characteristics, lack of criminal history, prosocial lifestyle, and expressed remorse and accountability. Mr. Kadolph is currently 25 years of age and was 22 years of age when the investigation of the above matter was initiated. (*See* PSR, ¶¶ 1, 15). He has no prior criminal

convictions, juvenile adjudication, nor other criminal contacts. (PSR, ¶¶ 64-69). To the contrary, there are many prosocial aspects of Mr. Kadolph's personal history.

He has had the benefit of consistent and positive guidance in his life and has maintained a strong familial and social network of support. He was raised by both parents, who have been married for over 25 years. (PSR, ¶ 71). They share a healthy relationship and were consistently supportive of their children, including both Mr. Kadolph and his sister. *Id*. His parents encouraged and supported his interests, including a variety of sports, art, and activities with his friends. (PSR, ¶¶ 71, 72). His family, as a whole, has always been very close. *Id*. They enjoy spending time together and routinely planned family activities such as regular movie nights when Mr. Kadolph was growing up. They belonged to and attended St. Elizabeth Ann Seton Catholic Church. Mr. Kadolph was also close with his grandparents, who were also a positive support for him growing up. (PSR, ¶ 71). Likewise, his friends are a positive influence on his life, his few close friends are responsible and successful individuals. (PSR, ¶ 72). His parents modeled a responsible lifestyle; they are both employed full-time and share a stable life together. (PSR, ¶¶ 71, 73 and 74). They have instilled good values in Mr. Kadolph and continue to support him now. Mr. Kadolph's ability to be successful in the future—personally, professionally and in completion of his sentence in this case—is bolstered by his upbringing and familial support. He can build on this foundation as he fulfills his obligations relating to the ultimate sentence in this case.

Mr. Kadolph has demonstrated a motivation to follow his family's example and to build a stable and secure future for himself. He graduated high school, as planned, in 2016. (PSR, ¶ 90). Following high school, he continued his education, and earned an associate degree from

Kirkwood Community College, and then he enrolled in college at the University of Iowa. (PSR, ¶¶ 91, 92). He continued his education at the University of Iowa until his involvement in the above matter. The initiation of the investigation overlapped with the conclusion of his last semester, negatively impacting his grades, due to related stressors. Mr. Kadolph intends retake the corresponding courses and earn his degree in sport and recreation management. (*See* PSR, ¶ 92). His future goals include completing his education.

In addition to pursuing his education, Mr. Kadolph has significant work history, appropriate for his age and student status. At the time of his arrest he was working as an area sales manager for Voss Distributing. (PSR, ¶ 95). He maintained steady employment, in a variety of positions, since 2015, including jobs he held while he was also attending school. (PSR, ¶¶ 95-99). His mother confirms his ability to successfully rehabilitate and navigate a positive future. (*See* Defendant's Exhibit A). He does not suffer from drug or alcohol dependency, and thus, would not struggle with the related complications to his rehabilitation.

His young age is also a mitigating factor. He is now only 25, but younger at the time of the offense. His age would have had an impact on his judgement. "[D]evelopments in psychology and brain science continue to show fundamental differences between juvenile and adult minds"—for example, in "parts of the brain involved in behavior control." *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (citing *Graham v. Florida*, 560 U.S. 48, 68 (2010) (internal quotations ommitted)), see also *Roper v. Simmons*, 543 U.S. 551, 569-570 (2005). "Magnetic resonance imaging indicates that a particular section of a juvenile's frontal lobe, which controls decision making and other advanced functions, is not fully developed and continues to undergo significant change after an individual's eighteenth birthday. In fact, research shows that the

human brain continues to develop and mature well into an individual's twenties."[1] Because the instant offense is contrary to other aspects of Mr. Kadolph's life, it is not surprising he has demonstrated extraordinary accountability for his actions. He demonstrates a genuine sense of responsibility and desire to grow from this situation and the corresponding poor judgement.

Finally, a lengthy sentence in this case is not necessary based on Mr. Kadolph's overall lifestyle. He has never served a previous term of incarceration. Therefore, any term of imprisonment would be very significant to him. A prison sentence will have a more punitive effect on him than on someone who has been to prison before and chosen to reoffend. This consideration is relevant to the Court's determination of what type of sentence would constitute "just punishment." *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006). Based on his young age and lack of criminal history, a lengthy sentence would have a detrimental effect. He would be released after a longer temporal distancing from his positive support system and community based opportunities, be exposed to the negative aspects and influences incarceration.

Following any sentence Mr. Kadolph receives, there will be a mandatory period of supervised release. His recommended conditions include: sex offender treatment, no contact with minors, no unauthorized access to a computer, cellular phone, camera or related device, compliance with sex offender registration and a submission to searches conducted by the probation office. Thus, the supervision will result in close monitoring over a lengthy period of

---

1 See Andrea Wood, *Cruel and Unusual Punishment: Confining Juveniles with Adults after Graham and Miller*, 61 Emory L.J. 1445, 1450 (2012) (referencing scientific research related to issues of juvenile development considered in *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012)); see also *Roper v. Simmons*, 543 U.S. 551, 574 (2005) (indicating that the issues relating to the juvenile to not dissipate at age 18).

time, offering protection to the community and continued support for Mr. Kadolph.  Mr. Kadolph's history demonstrates his ability to be successful with supervision.

### III.  CONCLUSION

WHEREFORE, Mr. Tyler Dean Kadolph respectfully requests that the Court impose a sentence consistent with the arguments in this sentencing memorandum.

Respectfully Submitted,

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:  (563) 322-8931
TELEFAX:  (563) 383-0052
EMAIL:  diane_helphrey@fd.org

By: /s/*Diane Helphrey*
**Diane Helphrey**
Assistant Federal Defender
ATTORNEY FOR DEFENDANT

cc:  Andrea Glasgow, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on October 21, 2022, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
/s/